UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOUIS CHARLES DANIELS,<br><br>    Petitioner,<br><br>  v.<br><br>ROBERT K. WONG, warden,<br><br>    Respondent. | No. C 10-565 SI (pr)<br><br>**ORDER TO SHOW CAUSE** |

## INTRODUCTION

Louis Charles Daniels, an inmate at San Quentin State Prison, filed this pro se action seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. His petition is now before the court for review pursuant to 28 U.S.C. §2243 and Rule 4 of the Rules Governing Section 2254 Cases.

## BACKGROUND

Daniels states in his petition that he is serving a sentence of 7 years to life on a 1977 conviction in San Francisco County Superior Court for kidnapping for robbery, false imprisonment, rape, assault with a deadly weapon, receiving stolen property, and attempted robbery. His petition does not challenge that conviction but instead challenges a September 23, 2008 decision by the Board of Parole Hearings ("BPH") to find him not suitable for parole. Daniels reports that he filed unsuccessful habeas petitions in the state courts, including the California Supreme Court, before filing this action.

**DISCUSSION**

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A district court considering an application for a writ of habeas corpus shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false. See Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990).

Daniels alleges in his petition that the BPH's decision violated his federal right to due process because it was not supported by sufficient evidence and was arbitrary and capricious. The federal due process claim is cognizable and warrants a response.

Daniels also alleges that his right to due process was violated by the "intolerably vague" regulations regarding suitability and unsuitability for parole. The claim does not appear to be patently frivolous and warrants a response.

Finally, he asserts that any concern about his mental state can be addressed in Sexually Violent Predator Act proceedings and therefore needn't be considered by the BPH. Petition, pp. 14-15. He has not alleged that this amounts to a violation of the constitution, laws or treaties of the United States, and therefore has not stated a cognizable claim for federal habeas relief. The claim also is frivolous: a parole applicant's present mental state is highly relevant to a determination of present dangerousness. The claim that the BPH needn't consider his mental state is dismissed.

/ / /

/ / /

**CONCLUSION**

For the foregoing reasons,

1. The petition warrants a response.

2. The clerk shall serve by certified mail a copy of this order, the petition and all attachments thereto upon respondent and respondent's attorney, the Attorney General of the State of California. The clerk shall also serve a copy of this order on petitioner.

3. Respondent must file and serve upon petitioner, on or before **October 1, 2010**, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be issued. Respondent must file with the answer a copy of all portions of the parole hearing record that have been previously transcribed and that are relevant to a determination of the issues presented by the petition.

4. If petitioner wishes to respond to the answer, he must do so by filing a traverse with the court and serving it on respondent on or before **November 5, 2010**. Petitioner's traverse may not exceed 20 pages in length.

5. Petitioner is responsible for prosecuting this case. He must keep the court informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

IT IS SO ORDERED.

DATED: July 30, 2010

SUSAN ILLSTON
United States District Judge