United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

LOUIS CHARLES DANIELS,

Petitioner,

v.

ROBERT K. WONG, warden,

Respondent.

_______________________________/

No. C 10-565 SI (pr)

**ORDER OF DISMISSAL**

**INTRODUCTION**

Louis Charles Daniels filed this pro se action pursuant to 28 U.S.C. § 2254 to challenge a September 23, 2008 decision by the Board of Parole Hearings ("BPH") to find him not suitable for parole. The matter is now before the court for consideration of respondent's motion to dismiss for failure to exhaust state judicial remedies. For the reasons discussed below, the motion will be granted and the action will be dismissed.

**DISCUSSION**

A prisoner in state custody who wishes to challenge collaterally in federal habeas proceedings either the fact or length of his confinement must first exhaust state judicial remedies, either on direct appeal or through collateral proceedings, by presenting the highest state court available with a fair opportunity to rule on the merits of each and every claim he seeks to raise in federal court. See 28 U.S.C. § 2254(b),(c); Rose v. Lundy, 455 U.S. 509, 515-16 (1982); Duckworth v. Serrano, 454 U.S. 1, 3 (1981). The exhaustion-of-state-remedies

doctrine reflects a policy of federal-state comity to give the state "'the initial "opportunity to pass upon and correct" alleged violations of its prisoners' federal rights.'" Picard v. Connor, 404 U.S. 270, 275 (1971) (citations omitted). Both the legal basis and the factual basis must be fairly presented. It is not sufficient to raise only the facts supporting the claim; rather, "the constitutional claim . . . inherent in those facts" must be brought to the attention of the state court. See id. at 277. The state's highest court must be alerted to the fact that the prisoner is asserting claims under the United States Constitution in order to be given the opportunity to correct alleged violations of federal rights. Duncan v. Henry, 513 U.S. 364, 365-66 (1995). Although the exhaustion requirement is a matter of comity rather than a jurisdictional requirement, see Granberry v. Greer, 481 U.S. 129, 133-34 (1987), the court generally may not grant relief on an unexhausted claim, see 28 U.S.C. § 2254(b)(1).

Daniels' federal habeas petition alleged two claims. In Claim 1, he contended that BPH's decision violated his federal right to due process because it was not supported by sufficient evidence and was arbitrary and capricious. In Claim 2, he contended that his right to due process was violated by the "intolerably vague" regulations regarding suitability and unsuitability for parole.

State judicial remedies were not exhausted for Claim 1 because it was not presented in the petition for review that Daniels filed in the California Supreme Court. Although the phrase "due process" appears in the discussion of the evidence claim in the petition for review, see Resp. Ex. 1 at 9, Daniels did not identify it as the federal constitutional due process right (as opposed to the state constitutional due process right). His citation to a state court case, quoting another state court case and a federal case, see id., was not sufficient to fairly present the federal constitutional question to the California Supreme Court. Although the federal and state due process rights for California parole applicants are quite closely related by virtue of the way the federal right is now described – the "federally enforceable liberty interest created by California's 'some evidence' requirement," Cooke v. Solis, 606 F.3d 1206, 1213 (9th Cir. 2010) – the petitioner should identify his claim as either a federal due process claim or both a federal and

state due process claim while he is in state court if he wishes to have the federal court review it. Otherwise, the longstanding rule that the federal habeas court may only entertain claims for violations of the laws, treaties and Constitution of the United States would be eroded. Claim 1 is unexhausted.[1]

Claim 2 also is unexhausted, but for a different reason. Claim 2 was presented to the California Supreme Court as a federal constitutional claim, but not in a manner that exhausted it. Daniels presented Claim 2 to the California Supreme Court in a petition for review of the California Court of Appeal's denial of his petition for writ of habeas corpus. His petition for writ of habeas corpus in the California Court of Appeal did not include Claim 2, however, and Claim 2 was raised for the first time in a petition for discretionary review to the California Supreme Court. Raising a claim for the first time on discretionary review to the state's highest court is insufficient to comply with the fair-presentation requirement. Casey v. Moore, 386 F.3d 896, 918 (9th Cir. 2004) (federal claim was not fairly presented where petitioner only raised federal constitutional claim in petition for discretionary review to the Washington State Supreme Court); Cal R. Ct. 8.500(c) ("As a policy matter, on petition for review the Supreme Court normally will not consider an issue that the petitioner failed to timely raise in the Court of Appeal"). That request for discretionary review of a claim that was not presented to the lower court is what Daniels did with Claim 2. Claim 2 is unexhausted.[2]

There are no exhausted claims in the petition. The court cannot stay an action where the petition is fully unexhausted. See Rose v. Lundy, 455 U.S. at 510. This action must be

---

[1]Respondent also argues that even the federal habeas petition did not identify Claim 1 as a federal due process claim. If Daniels had exhausted state court remedies for the federal due process claim, the failure to identify the claim here as a federal due process claim easily could be remedied with an amendment to the federal petition to cure that deficiency, However, there is no point in requiring an amendment to cure this problem in light of the exhaustion problem that requires dismissal of the action.

[2] It may seem odd to argue, as respondent has, that petitioner could now exhaust by filing a habeas petition in the California Supreme Court. There is a difference, however, between that procedure and the one which petitioner adopted: his petition for review was for a discretionary review, which would be granted only in unusual circumstances, whereas an original habeas petition filed in the California Supreme Court is reasonably calculated to result in a decision on the merits. See Castille v. Peoples, 489 U.S. 346, 350 (1989).

dismissed. This dismissal is without prejudice to Daniels filing a new petition after he exhausts state court remedies as to each claim contained in his new petition. Because this action is being dismissed today, Daniels cannot file an amended petition in this action but instead must file a new petition and a new case number will be assigned it when he returns after exhausting in state court. Daniels is urged to act promptly to present his claims to state court and then promptly return to this court to file any new action to avoid being barred by the one-year statute of limitations for federal habeas actions in 28 U.S.C. § 2244(d), if he is not already time-barred.

## CONCLUSION

For the foregoing reasons, respondent's motion to dismiss is GRANTED. (Docket # 5.) This action is dismissed without prejudice to petitioner filing a new petition after he exhausts state court remedies as to each claim contained in his new petition.

IT IS SO ORDERED.

DATED: January 11, 2011

SUSAN ILLSTON
United States District Judge